**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:20-cv-04063-NKL |
| ASAP HAULING LLC and MICHAEL KRUMM, | ) | |
| Defendants, | ) | |
| v. | ) | |
| NAUGHT-NAUGHT INSURANCE AGENCY, | ) | |
| Third-Party Defendant. | | |

**ORDER**

In this declaratory judgment action four motions are pending. Third-Party Defendant Naught Naught Insurance Agency moves to dismiss Defendant Michael Krumm's Amended Third-Party Complaint and Defendant ASAP Hauling's Amended Third-Party Complaint for failure to state a claim. Docs. 57, 58. Continental Western moves to strike Krumm's Third-Party Complaint and ASAP's Third-Party Complaint as prejudicial and unmeritorious. Docs. 63, 64. The Court heard oral argument on December 18, 2020. For the reasons discussed below, Naught's motion to dismiss ASAP's third-party complaint is denied. Naught's motion to dismiss Krumm's third-party complaint is granted in part and denied in part. Continental Western's motions to strike are denied.

## I. Background

Continental Western filed this action for declaratory judgment on April 20, 2020 against ASAP and Krumm. Doc. 1. Continental Western's suit seeks a declaration that Continental Western had no duty to defend ASAP or to indemnify ASAP for any judgment or settlement entered in a state tort action between Krumm and ASAP. In that underlying state action Krumm alleges that ASAP's employee negligently unloaded a trailer, injuring Krumm. Doc. 1, at ¶¶ 6, 12.

Krumm and ASAP each filed amended third-party complaints against Naught Naught Insurance Agency. In his amended third-party complaint, Krumm alleges that insurance policies issued by Continental Western to ASAP were procured by Naught, and that Naught thus owed a fiduciary duty to ASAP. Doc. 54, p. 6. Krumm claims that Naught breached its fiduciary duty by failing to bind coverage for the trailer at issue in the underlying state suit. Doc. 54, p. 8. Krumm requests a declaration that (1) Naught was Continental Western's agent; (2) Naught breached its fiduciary duty to ASAP; and (3) Naught negligently failed to bind coverage when it knew or should have known that ASAP had purchased a new trailer. Doc. 54, p. 8. Naught asks the Court to dismiss Krumm's third-party complaint because impleader is not permitted in a declaratory judgment action, Krumm's claims are not ripe, and Krumm failed to state claims upon which relief can be granted. Doc. 60.

ASAP's amended third-party complaint seeks the same relief that Krumm seeks in his third-party complaint. Doc. 53, pp. 8-9. Naught asks the Court to dismiss ASAP's third-party complaint because ASAP assigned any claims it may have had against Naught to Krumm, lacks standing to sue, and fails to state a claim upon which relief can be granted. Doc. 59, p. 1.

Finally, Continental Western seeks to strike Krumm and ASAP's amended third-party complaints, arguing it would be prejudiced because Krumm and ASAP are effectively seeking

relief against Continental Western without naming Continental Western as a third-party defendant. Docs. 63, 64. The Court first addresses Naught's motions to dismiss, then turns to Continental Western's motions to strike.

## II. Naught's Motions to Dismiss

If a third-party complaint fails to state a claim upon which relief can be granted, the third-party complaint is subject to dismissal under Rule 12(b)(6). Similarly, if the third-party complaint states a claim that lacks jurisdiction, the complaint is subject to dismissal under Rule 12(b)(1). The Court should accept as true the facts alleged in the third-party complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697-98 (8th Cir. 2003).

### A. ASAP's Third-Party Complaint

Naught argues ASAP's third-party complaint fails to state a claim because ASAP assigned any claims it might have had against Naught to Krumm under Mo. Rev. Stat. § 537.065. Doc. 59, pp. 1-2. Mo. Rev. Stat. § 537.065 permits an injured party and a tortfeasor to limit recovery for a tort to specific assets or insurance contracts. *Knight by and through Knight v. Knight*, 609 S.W.3d 813, 821 (Mo.App. 2020). ASAP and Krumm entered into such an agreement. Docs. 53, 54. The relevant question here is what rights were assigned to Krumm by ASAP as a result of that agreement.

Under Missouri law, the "general rule is that an absolute assignment of an entire right or interest works as a divestiture of all rights or interests of the assignor; and, for the purpose of maintaining a civil action, the assignee becomes the real party in interest." *Daniele v. Mo. Dep't of Conservation*, 282 S.W.3d 876, 880 (Mo.App. 2009); *McMullin v. Borgers*, 806 S.W.2d 724, 731 (Mo.App. 1991). But here, ASAP asserts that "the assignment does not preclude ASAP from bringing any claims against Naught-Naught together with Krumm. In fact, the terms of the

agreement between Krumm and ASAP specifically allow ASAP to pursue such claims." Doc. 69, p. 3. They have also represented to the Court during oral argument that the assignment was partial. Relying on these representations by counsel, the Court finds ASAP has standing to bring its claims, and Naught's motion to dismiss ASAP's third-party complaint is denied.

**B. Krumm's Third-Party Complaint**

**i. Third-Party Practice**

Naught contends that Krumm's third-party complaint constitutes improper third-party practice because the language of Rule 14 precludes a third-party complaint in a declaratory judgment action. Doc. 60, p. 1. Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, [file a complaint against] a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). District courts are split on the question of whether Rule 14 allows impleader in declaratory judgment actions, and the Eighth Circuit has not held one way or the other.

Some courts have held that because a declaratory judgment action does not seek to hold the third-party plaintiff liable for any claims, impleader is improper. *See, e.g., U.S. Fire Ins. Co. v. Reading Mun. Airport Auth. et al.*, 130 F.R.D. 38, 39 (E.D. Pa. 1990) (finding that because there was no claim for money damages, the impleaded party could not be liable to the original defendants for any part of that claim); *839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Trust Co.*, 2016 WL 5372804, at *4-6 (E.D.N.Y. Sept. 26, 2016). These cases argue that a third-party action is not "contingent" for the purposes of Rule 14 because the third-party plaintiff would only seek recovery from the third-party defendant if the original plaintiff prevails on its declaratory judgment action. *839 Cliffside*, 2016 WL 5372804, at *5.

However, other courts have held that a declaratory judgment could still cause a harm or loss "to the original defendant for which the impleaded defendant may be liable." *State College Area Sch. Dist. v. Royal Bank of Canada*, 825 F.Supp.2d 573, 579-81 (M.D. Pa. 2011). Thus, many courts have rejected this narrow reading of Rule 14 because it contravenes the purpose of Rule 14, which is to promote judicial economy through avoiding a circuity of actions. *See, e.g.*, *Am. Fidelity & Cas. Co., Inc. v. Greyhound Corp.*, 232 F.2d 89, 91-92 (5th Cir. 1956) (holding that in a declaratory judgment action, it was proper to allow a third-party tort claim under Rule 14); *State College Area Sch. Dist.*, 825 F.Supp.2d at 579-81; *Hartford Fire Ins. Co. v. Harborview Marina & Yacht Club Comm. Ass'n., Inc.*, 2017 WL 2865016, at *5 (D. Md. July 5, 2017); *China Energy Corp. v. Hill*, 2014 WL 12647734, at *2-3 (D. Nev. June 13, 2014). Accordingly, courts have permitted third-party claims to be pursued where "the facts in the [declaratory action] and the third-party action were related closely enough to further the policy of Rule 14 by permitting the impleader." *Federal Home Loan Mortgage Corporation v. Kantz*, 2018 WL 1535465, at *4 (M.D. Tenn. Mar. 29, 2018) (citing *American Fidelity*, 232 F.2d at 92); *see also Navigators Ins. Co. v. Univ. of Louisville Foundation, Inc.*, 329 F.R.D. 557, 562 (W.D. Ky. 2019); *Lincoln Gateway Realty Co. v. Carri-Craft, Inc.*, 53 F.R.D. 303, 306 (W.D. Mo. 1971) ("[I]t is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.").

The facts here are closely related and interdependent. Continental Western seeks a declaration that its insurance policy did not cover the trailer at issue, and Krumm seeks a declaration that if there is no coverage, then Naught breached its fiduciary duty by failing to bind coverage. Whether Naught breached its duty and whether the trailer was insured are directly related to Continental Western's declaratory judgment action. Moreover, if Continental Western

prevails, Krumm will incur a loss, for which Naught may be liable. *State College Area Sch. Dist.*, 825 F.Supp.2d at 579-81 (permitting impleader in declaratory judgment action because the original defendant may have faced a harm or loss attributable to the impleaded defendant). Under these circumstances, Krumm's Rule 14 impleader claim will promote judicial economy and consistency. *American Fidelity*, 232 F.2d at 92 (allowing impleader to promote judicial economy); *Navigators Ins. Co.*, 329 F.R.D. at 562 (permitting impleader where facts were similar to promote judicial economy); *State College Area Sch. Dist.*, 825 F.Supp.2d at 582.

**ii. Ripeness**

Naught argues that Krumm's claim is not ripe because any purported claim against Naught is contingent upon a judgment in Continental Western's favor. Doc. 60, p. 2. Often the impleading party's liability will not yet be established at the time that the third-party complaint is filed because the original plaintiff's claims will not yet have been fully adjudicated. *Williams v. Ford Motor Credit Co.*, 627 F.2d 158, 160 (8th Cir. 1980) (finding that "impleader is designed to decide contingent liability"). Refusing to allow a third-party plaintiff to join a third-party defendant who may be liable to him would wholly obviate the purpose of third-party practice contrary to Rule 14's goal of judicial efficiency. *State College Area School Dist.*, 825 F.Supp.2d at 583. While Continental Western's claims have not yet been fully adjudicated, Krumm's claims against Naught are nonetheless ripe.

**C. Failure to State a Claim**

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). The Court "must

accept as true all of the complaint's factual allegations and view them in the light most favorable to" the third-party plaintiff. *Burton v. Richmond*, 276 F.3d 973, 975 (8th Cir. 2002).

**a. Breach of Fiduciary Duty**

Naught argues that Krumm failed to state a claim for breach of fiduciary duty because he failed to allege facts that ASAP specifically asked Naught to add the trailer and that ASAP suffered damages. Doc. 60, p. 4. Under Missouri law a claim for breach of fiduciary duty requires (1) the existence of a fiduciary duty, (2) breach, (3) causation, and (4) damages. *Brown v. Adtalem Global Education, Inc.*, 421 F.Supp.3d 825 (W.D. Mo. 2019).

As to whether Krumm alleged facts that ASAP asked Naught to add the trailer, the Court finds Krumm's third-party complaint is adequate. Krumm alleges that the "agents, employees and owners of ASAP communicated the purchase of the new trailer to Plaintiff both directly and by informing Naught" and that Naught was "informed of the new trailer purchase on several occasions for the purpose of binding coverage for the new trailer and was informed within thirty (30) days of the purchase of the new trailer." Doc. 54, p. 7. Accepting these factual allegations as true, Krumm has sufficiently pled facts to show that ASAP specifically asked Naught to add the trailer. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (instructing district courts draw all reasonable inferences in favor of the nonmovant on a motion to dismiss).

As to damages, however, it is undisputed that Krumm failed to plead damages in his third-party complaint. Doc. 68, p. 8; Doc. 86. During oral argument, counsel for Krumm and ASAP stated that ASAP suffered damages. However, damages are not pled in the complaint, and without alleging damages Krumm cannot pursue a claim for breach of fiduciary duty. Naught's motion is granted on this point. However, at oral argument counsel for Krumm and

ASAP sought leave to amend in the event the Court granted Naught's motions to dismiss. Krumm and ASAP are given fourteen days to amend the third-party complaints accordingly.

**b. Declaratory Judgment**

Naught argues that a declaratory judgment action may not be brought for the determination of a tort claim. Doc. 60, p. 3. Krumm responds that both the language of the Declaratory Judgment Act and Eighth Circuit precedent permit declaratory judgment actions for the determination of tort claims. Doc. 68, p. 7. In *Gopher Oil*, the Eighth Circuit considered whether tort liability claims were ripe for declaratory judgment, ultimately finding that the claims were not ripe because no facts indicated an immediate threat of harm and thus no actual controversy existed. *Gopher Oil Co. v. Bunker*, 84 F.3d 1047, 1051 (8th Cir. 1996). Krumm argues this consideration demonstrates that if immediate threat of harm did exist then declaratory judgment actions for determination of ripe tort claims would be proper. Doc. 68, p. 7.

District courts entertain declaratory judgment actions brought for the determination of tort claims, including claims for breach of fiduciary duty. *See, e.g.*, *Waters v. Armenian Genocide Museum & Memorial, Inc.*, 692 F.Supp.2d 57, 61 (D.C.C. 2010) (addressing the plaintiffs' claim for declaratory judgment that an opposing party had breached its fiduciary duty). This practice is supported by the language of the Declaratory Judgment Act which states that, "[i]n a case of actual controversy within its jurisdiction, . . . any court . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). A "case of actual controversy" refers to the "type of cases and controversies that are justiciable under Article III." *U.S. Water Services, Inc. v. ChemTreat, Inc.*, 794 F.3d 966, 971 (8th Cir. 2015) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Krumm's case for declaratory judgment against Naught is justiciable if Krumm has a legally protectable interest

at stake, a substantial controversy exists between the parties with genuinely adverse interests, and the controversy is ripe. *Clifford Hindman Real Estate, Inc. v. City of Jennings*, 283 S.W.3d 804, 806 (Mo.App. 2009) (citing *Missouri Health Care Ass'n v. Attorney General of the State Missouri*, 953 S.W.2d 617, 620 (Mo. banc 1997)); *State Farm Fire & Cas. v. Aberici*, 852 S.W.2d 388, 392 (Mo.App. 1993). As discussed above, ASAP assigned some rights to Krumm, providing Krumm with the requisite legally protectable interest. Mo. Rev. Stat. § 537.065. Clearly a controversy exists because the parties dispute whether Naught owed and breached a fiduciary duty to ASAP. Finally, as discussed above, the issues presented are ripe for adjudication. Accordingly, the Court finds that a declaratory judgment action may be brought for this tort claim.

Naught also argues that Krumm is utilizing his claim for declaratory judgment as a mechanism to plead breach of fiduciary duty without having to allege damages, and that Naught is entitled to litigate all elements of Krumm's claims. Doc. 72, p. 3. The Court agrees and has granted the motion to dismiss on this ground. However, Krumm and ASAP have fourteen days to amend the third-party complaints to include allegations of damages.

## III. Plaintiff's Motions to Strike

Continental Western argues that the third-party complaints are prejudicial because Krumm and ASAP seek relief against Continental Western without naming Continental Western as a third-party defendant. Doc. 63, p. 4; Doc. 64, p. 4. Continental Western asks the Court to strike all portions of the third-party complaints asserting claims against Continental Western or seeking relief against Continental Western. *See* Advisory Committee Notes to the 1963 Amendment to Federal Rule 14(a)(4) (explaining "the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the

plaintiff's claim…"). Continental Western fears that adjudication of the third-party complaints could create adverse binding law in Continental Western's case without Continental Western's involvement. Krumm and ASAP argue that Continental Western is named as a counter defendant in the counterclaims, and the counterclaims seek the same relief as the third-party complaints such that Continental Western will be involved in the adjudication and there is no concern for prejudice. Doc. 67, p. 4.

The counterclaims are almost word for word the same as the third-party complaints. Docs. 53, 54. Continental Western answered the counterclaims and denied many of the allegations therein. For example, in both his counterclaim and third-party complaint Krumm alleges that "[s]ince Plaintiff was duly "told" of the purchase of the new trailer, Plaintiff's denial of coverage and of its duty to indemnify and defend ASAP is without just cause or excuse, and is in bad faith." Doc. 54. In its answer, Continental Western denied that claim. Doc. 62. Yet Continental Western claims that Krumm's failure to name Continental Western as a party "subverts Continental Western's ability to respond to claims that could fundamentally impact it." Doc. 71, p. 3. However, Continental Western did not provide a single example of an allegation made in the third-party complaints that Continental Western did not have an opportunity to admit or deny in its answers to the counterclaims. In the absence of any concrete examples of prejudice, the Court remains unconvinced that Continental Western will not have an opportunity to respond or participate in issues that may affect it.

Continental Western also expresses concern that Naught will erroneously "admit" allegations in the third-party complaints that reference Continental Western. Even if Naught and Continental Western respond to the same allegations differently, Continental Western will not be

bound by Naught's contradictory responses, so this is not a basis for granting Continental Western's motions to strike.

Finally, Continental Western emphasizes the importance of form to ensure a fair opportunity for defendants to challenge claims and to seek appropriate relief. Doc. 71, p. 3. Yet Krumm and ASAP adhered to the proper form. Rule 13(a) allows a defendant to file a counterclaim to assert any claims he has against a plaintiff, including claims for declarative relief. Krumm and ASAP filed counterclaims against Continental Western, providing Continental Western with notice of the claims and relief sought against it. *Kuelbs v. Hill*, 2010 WL 2541631, at *1 (W.D. Ark. May 27, 2010) (finding that the defendant's claims against the plaintiff were properly pled as counterclaims under Rule 13(a)). Krumm and ASAP are not also required to name Continental Western as a third-party defendant under Rule 14, and in fact could not as Rule 14 operates to add nonparties to litigation, and as the original plaintiff, Continental Western is not a nonparty. *See* Fed. R. Civ. P. 14 (explaining that third-party plaintiffs may add a "nonparty"). Because Continental Western has been notified of the claims and relief sought against it in the counterclaims and will have every opportunity to participate in the adjudication of those claims, Continental Western faces no prejudice by not also being named in the third-party complaints which seek identical relief. The motions to strike Krumm's third-party complaints, Docs. 63, 64, are denied.

## IV. Conclusion

Naught's motion to dismiss ASAP's third-party complaint, Doc. 57, is denied. Naught's motion to dismiss Krumm's third-party complaint, Doc. 58, is granted in part and denied in part. Krumm and ASAP have fourteen days from the date of this Order to amend the third-party complaints. Continental Western's motions to strike, Docs. 63, 64, are denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 15, 2021
Jefferson City, Missouri